UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER LANGSTON,

    Plaintiff,

v.

STEVE WHITE, et al.,

    Defendants.

No. 2:19-cv-1168 DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, this court finds plaintiff fails to meet the standards to proceed in forma pauperis and recommends that plaintiff be required to pay the filing fee if he wishes to prosecute this action.

**IN FORMA PAUPERIS STATUTE**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

1

> facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

### HAS PLAINTIFF ACCRUED THREE STRIKES?

A review of the actions filed by plaintiff in this court reveals that plaintiff is subject to 28 U.S.C. §1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. Judges in this court, including the undersigned magistrate judge, have previously found that plaintiff has accrued three strikes. The court takes judicial notice of those cases, and of plaintiff's prior filings described therein. Those cases include: Langston v. Williams, No. 2:16-cv-2365 JAM DMC (June 18, 2019 Findings and Recommendations); Langston v. Blackford, No. 2:16-cv-2366 WBS DB (May 26, 2017 Order); Langston v. Frantzen, No. 2:16-cv-2364 GEB EFB (Apr. 21, 2017 Order); and Langston v. Sharma, 2:15-cv-1437 GEB KJN (Dec. 14, 2016 Order). The strikes described in those cases all occurred prior to the filing of the present action on June 25, 2019.

### IS PLAINTIFF IN IMMINENT DANGER OF SERIOUS PHYSICAL INJURY?

Because plaintiff has accrued three strikes, this court finds that plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns

on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Further, the purpose of the imminent danger exception is to allow prisoners to proceed with cases in order to resolve the issues creating the imminent danger. See Young v. Curliss, No. 1:12-cv-1871 JLT (PC), 2013 WL 56987, at *2 (E.D. Cal. Jan. 3, 2013). Therefore, an assertion of imminent danger must be tied to the allegations of his complaint.

The court has reviewed plaintiff's complaint to determine whether his allegations demonstrate an imminent danger of "serious physical injury." Plaintiff appears to be challenging a district attorney's decision to re-charge plaintiff's prior misdemeanor conviction as a felony. Plaintiff states that he is in imminent danger of false imprisonment. False imprisonment is not the sort of serious physical injury contemplated by the in forma pauperis statute. See Smith v. Baldwin, No. 18-cv-1503-NJR,. 2018 WL 3993629, at *2 (S.D. Ill. Aug. 21, 2018); Berryhill v. Oklahoma, No. CIV-13-1370-W, 2014 WL 679111, at *2 (W.D. Okla. Jan. 30, 2014); Weidow v. Anderson, No. 3:07cv510/LAC/MD, 2008 WL 168888, at *2 (N.D. Fla. Jan. 16, 2008). Because plaintiff fails to demonstrate that he meets the imminent danger exception to the three-strikes bar, this court will recommend plaintiff be required to pay the $400 filing fee if he wishes to proceed with this case.

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied under 28 U.S.C. 1915(g); and

2. Plaintiff be ordered to submit the $400 filing fee if he wishes to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/lang1168.3 strikes fr

4